IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

BONNIE BUTH,

       Plaintiffs,

   v.

PAUL EDWARD VICK JR.,
SECRETARY EDWARD F. WALL,
WARDEN JOHN HUSZ, IONE GUILLONTA,
RANDY MILLER, JOHN OR JANE DOE
(HUMAN REASORCES DIRECTOR),
JOHN DOE AND JANE DOE
(UNKNOWN CORRECTIONS SUPERVISORS
AND OFFICERS)

       Defendants.

Case No: 14-CV-0060

**SECOND AMENDED COMPLAINT**

     **NOW COMES** the plaintiff, **Bonnie Buth** represented by **Martin R. Stein** and **Joshua Sofian** of **Safer & Stein Law Firm, S.C**. who files this complaint for damages against the above-named defendants.

**JURISDICTION**

1. This action is brought pursuant to Title 42 of the United States Coded Section 1983 as well as the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction

1

consists of a Federal question, 28 U.S.C. § 1331, Civil Rights, and 28 U.S.C. § 1343. The amount in controversy exceeds $75,000.00.

## PARTIES

1. Plaintiff, Bonnie Buth, is a citizen of the United States and resides at 131 East Oklahoma Avenue, Apartment 2, Milwaukee, Wisconsin 53207. At all times material to this action, the plaintiff was a prisoner under the supervision of the Wisconsin Department of Corrections (hereinafter referred to as "WDOC"). At all times material to this action, she was housed at the Milwaukee Women's Correctional Center (hereinafter referred to as "MWCC"). MWCC is a correctional institution operated by the WDOC.

2. Defendant, Paul E. Vick Jr., was at all times relevant to this suit, a corrections officer at MWCC and is now incarcerated by the WDOC at an unknown Interstate Compact location.

3. Defendant, Edward F. Wall, is the Secretary of the WDOC and is named as a defendant only for the purpose of identifying defendants John Doe and Jane Doe corrections officers and supervisors.

4. Defendant John Husz, was at all times relevant to this suit, the Warden of the Milwaukee Secure Detention Facility (MSDF).

5. Defendant Ione Guillonta, was at all times relevant to this suit, the Corrections Security Director at MSDF.

6. Defendant Randy Miller, was at all times relevant to this suit a corrections captain and a supervising officer 2 employed at MSDF and directly supervised defendant Paul E. Vick Jr.

7. Defendant John or Jane Doe Human resources Director for MSDF who approved the rehire/reinstatement of defendant Paul E. Vick Jr.

2

8. Defendants, John Doe and Jane Doe, are other corrections officers and supervisors with direct and indirect involvement with Defendant Vick.

9. All defendants are sued in their official and individual capacities. At all relevant times, all defendants were acting under color of state law pursuant to their authority as officials, agents, contractors or employees of the State of Wisconsin; and within the scope of their employment as employees and representatives of public entities as defined in 42 U.S.C. § 12131(1).

10. Defendant Vick's agent for service is Karen Parenteau, Dodge Correctional Institution, 1 West Lincoln Street, P.O. Box 661, Waupun, Wisconsin, 53963-0661.

11. The defendants Secretary Eward F. Wall, Warden John Husz, Ione Guillonta, Randy Miller, John or Jane Doe Human Resources Director for MSDF, John Doe and Jane Doe's agent for service of process is J.B. Van Hollen, Attorney General, State of Wisconsin Department of Justice, P. O. Box 7857, Madison, Wisconsin 53707-7857.

## FACTUAL BACKGROUND AND ALLEGATIONS

12. Plaintiff hereby incorporates by reference in its entirety all of the allegations contained in paragraphs 1 through 11 herein fully and completely as if set forth again verbatim except insofar as not applicable.

13. At all times relevant to this suit, the plaintiff, Bonnie Buth, was an inmate incarcerated at MWCC.

14. Defendant Vick sexually harassed the plaintiff, during March 2008, by making overtly sexual statements to her, by asking Plaintiff about her sexual preferences, and by making sexually suggestive comments to her.

15. While housed in MWCC, Plaintiff suffered sexual harassment, sexual abuse and emotional abuse caused by Defendant Vick.

16. While housed in the MWCC, Plaintiff was sexually assaulted by Defendant Vick in a stairwell of the parking garage of Milwaukee Secure Detention Facility (hereinafter referred to at MSDF) where she was working as a janitor.

17. Defendant Vick used threats of segregation and loss of privileges to intimidate the Plaintiff in order to prevent her from discussing the abusive conduct and sexual assault with Defendant Vick's superiors.

18. Plaintiff Buth suffered mental and emotional trauma as a result of the abuse, rape and sexual assault she suffered at the hands of Defendant Vick and developed Post Traumatic Stress Disorder (PTSD) and other mental and emotional problems as a result of the trauma suffered due to said abuse.

19. At all times relevant to this suit, Defendant Vick acted within the scope of his employment.

20. Plaintiff Buth developed severe anxiety as a result of the trauma suffered due to Defendant Vick's abuse.

21. That the named defendants as well as defendants, John Doe and Jane Doe (other than Vick), in March 2008 and for a period of time prior thereto, failed and neglected to perform their duties and responsibilities in that they failed to employ reasonable and adequate screening procedures, failed to properly supervise Vick and failed to enforce reasonable rules and regulations to protect female inmates.

22. At all times pertaining hereto, the named defendants as well as defendants John Doe and Jane Doe knew that the inmate population at MWCC was female, that WDC employed and placed male correction officers and other male staff at MWCC and that the male corrections officers and male staff had direct physical contact with the female inmate population.

4

23. At all times pertaining hereto, the named defendants as well as defendants John Doe and Jane Doe had actual knowledge that a substantial risk of serious harm existed because the inmate population at MWCC was female, that there were male corrections officers and other male staff, and that it was probable and likely that the male corrections officers and other male staff would engage in fraternization, intimacy and sexual contact with female inmates.

24. At all times pertaining hereto, the named defendants as well as defendants John Doe and Jane Doe had actual knowledge that fraternization, intimacy and sexual contact between male corrections officers and male staff and female inmates would result in substantial mental and emotional harm to the female inmates.

25. Defendants Husz, Guillonta and Miller as well as defendants John Doe and Jane Doe, in their official capacities, had the duty and obligation to create and enforce rules, regulations and procedures to protect the female inmate population at MWCC from harm resulting from having male corrections officers and male staff in positions of power over them which results in the fraternization, intimacy and sexual contact between male corrections officers and female prisoners.

26. Defendants Husz, Guillonta and Miller as well as John Doe and Jane Doe, in their official capacities, failed and neglected to create and enforce rules, regulations and procedures to protect the female inmate population at MWCC from harm resulting from having male corrections officers and male staff in positions of authority and power over them which results in the fraternization, intimacy and sexual contact between male corrections officers and female prisoners.

27. Defendants Husz, Guillonta and Miller as well as defendants John Doe and Jane Doe, in their official capacities, had a duty to supervise Defendant Vick.

5

28. Defendants Husz, Guillonta and Miller as well as defendants John Doe and Jane Doe, in their official capacities, failed and neglected to supervise Defendant Vick.

29. At all times pertaining hereto, Defendant Vick had actual knowledge that because the inmate population at MWCC was female, that there were male corrections officers and other male staff, and that it was probable and likely that the corrections officers and other male staff would engage in fraternization, intimacy and sexual contact with female inmates.

30. At all times pertaining hereto, Defendant Vick had actual knowledge that fraternization, intimacy and sexual contact between male corrections officers and male staff and female inmates would result in substantial mental and emotional harm to the female inmates.

31. Defendant Vick, with knowledge and understanding of the harm that his conduct would cause, used his position of authority and control to engage in intimate sexual contact with the plaintiffs and as a result caused each plaintiff substantial physical, mental and emotional harm.

### CAUSE OF ACTION AGAINST DEFENDANTS FOR DEPRIVATION OF RIGHTS SECURED TO PLAINTIFF BY THE CONSTITUTION AND LAWS OF THE UNITED STATES
### TITLE 42 U.S.C. § 1983

32. Plaintiff hereby incorporates by reference in its entirety all of the allegations contained in paragraphs 1 through 31 herein fully and completely as if set forth again verbatim except insofar as not applicable.

33. Defendant Vick, at all times relevant to this suit, acted within the scope of his employment.

34. Defendant Vick intentionally used his position as a corrections officer in order to cause physical, sexual and emotional harm to the plaintiffs.

6

35. Defendant Vick's acts and omissions evidence and constitute deliberate indifference to the Plaintiff's right to be free from sexual assault and violates the Cruel and Unusual Punishment Clause of the Eighth Amendment made applicable to the States through the Fourteenth Amendment to the United States Constitution.

36. Defendants Husz, Guillonta, Miller, John Doe and Jane Doe, by virtue of their positions in WDOC and MWCC, had a duty to protect the plaintiff while in their custody.

37. As a direct and proximate result of the defendants' failure to protect the plaintiff while in their custody, the plaintiff was sexually and emotionally abused causing physical suffering as well as severe emotional and psychological trauma. The plaintiff will suffer from these effects for the foreseeable future.

38. As a direct and proximate result of the defendants' failure to protect the plaintiff while in their custody, said plaintiff was sexually abused by Defendant Vick causing physical suffering as well as severe emotional and psychological trauma. Plaintiff will suffer from these effects for the foreseeable future.

39. The defendants Husz, Guillonta, Milller as well as John Doe and Jane Doe were aware or should have been aware of the substantial risk of harm to the plaintiff and disregarded the risk by failing to act reasonably to avoid it. The defendants' decisions not to recognize that Defendant Vick had developed a pattern of abuse toward women inmates at MWCC and elsewhere created a substantial risk that the plaintiff might be assaulted. Defendants further failed to act to prevent the assault by allowing Defendant Vick's continued employment as a corrections officer.

40. The deliberate indifference of defendants Husz, Guillonta, Miller as well as John Doe and Jane Doe to the plaintiff's serious mental health needs following the trauma suffered while in their custody caused avoidable mental and emotional suffering.

41. Defendants' acts and omissions evidence and constitute deliberate indifference to the plaintiff's right to be free from sexual assault and violated the Cruel and Unusual Punishment Clause of the Eighth Amendment made applicable to the States through the Fourteenth Amendment to the United States Constitution.

42. The conduct of the defendants deprived the plaintiff of her civil rights and liberties as guaranteed by the Constitutions of the United States of America and State of Wisconsin and protect by 42 USC 1983 and Acts amendatory thereto.

43. As a direct and proximate result of the defendants' actions, or lack thereof, the Plaintiff Buth, suffered mental pain, loss of enjoyment of life, future medical expenses, etc.

## PRAYER FOR RELIEF

**WHEREFORE,** having set forth the factual basis of this complaint for damages, Plaintiff respectfully demands a jury trial at the conclusion of which the Court shall grant relief to the plaintiff in the following particulars:

1. For compensatory damages in an amount that will fairly and reasonably compensate the plaintiff for her physical, emotional and mental damages;
2. Grant plaintiff her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law;
3. For punitive damages in each instance and against such defendants as the same may be deemed justified and warranted; and

8

Case 2:14-cv-00060-JPS    Filed 07/25/14    Page 8 of 9    Document 21

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2014.

>Attorney Martin R. Stein
>State Bar No. 1009067
>Attorneys for Plaintiff
>SAFER & STEIN LAW FIRM, S.C.
>9001 North 76th Street, Suite 310
>Milwaukee, WI 53223
>Phone: (414) 357-7555
>Fax: (414) 357-7501
>E-Mail: mstein@saferandstein.com

>Attorney Joshua Sofian
>State Bar No. 1073722
>Attorneys for Plaintiff
>SAFER & STEIN LAW FIRM, S.C.
>9001 North 76th Street, Suite 310
>Milwaukee, WI 53223
>Phone: (414) 357-7555
>Fax: (414) 357-7501
>E-Mail: jsofian@saferandstein.com